OSCN Found Document:IN RE RULES OF SUPREME COURT OF OKLAHOMA ON LICENSED LEGAL INTERNSHIP

 

 
 

 
 IN RE RULES OF SUPREME COURT OF OKLAHOMA ON LICENSED LEGAL INTERNSHIP
2018 OK 16
Case Number: SCBD-2109
Decided: 02/26/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 16, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

In Re: Rules of the Supreme Court of the State of Oklahoma on Licensed Legal Internship
ORDER
This matter comes on before this Court upon an Application to Amend the Rules of the Supreme Court of the State of Oklahoma on Licensed Legal Internship (hereinafter "Rules"). This Court finds that it has jurisdiction over this matter and the Rules are hereby amended as set out in Exhibit A attached hereto effective immediately.
DONE IN CONFERENCE this 26th day of February, 2018.
/S/CHIEF JUSTICE
Combs, C.J., Gurich, V.C.J., Winchester, Edmondson, Colbert, Reif and Wyrick, JJ., concur;
Kauger, J., concurs in result

EXHIBIT A
RULE 1 PURPOSE OF THE LICENSED LEGAL INTERNSHIP RULES
Rule 1.1 Purpose
The purpose of these rules is to provide supervised practical training in the practice of law, trial advocacy, and professional ethics to law students and to law graduates who have applied to take the first Oklahoma Bar Examination after graduation. The Legal Internship Program is not for the purpose, nor to be used solely as, a vehicle to secure new or additional clients for the supervising attorney (see Interpretation 96-1).

RULE 2 ELIGIBILITY FOR A LIMITED LICENSE
Rule 2.1 Law Student Applicant
The law student applicant must meet the following requirements in order to be eligible for a limited license as a Licensed Legal Intern:
(a) Have successfully completed half of the number of academic hours in a law school program leading to a Juris Doctor Degree required by the American Bar Association Accreditation Standards. Those hours must include the following courses: Professional Responsibility, Evidence and Civil Procedure I & II. A law student may apply when he or she is enrolled in courses which upon completion will satisfy this requirement (see Interpretations 98-2 and 2002-1). (Amended October 25, 2011)
(b) Have a graduating grade point average at his or her law school.
(c) Have approval of his or her law school dean.
(d) Have registered and been accepted as a law student with the Board of Bar Examiners of the Oklahoma Bar Association. Provided, that students from outside Oklahoma who are attending law school in Oklahoma, are exempt from registering as a law student in Oklahoma upon a satisfactory showing of similar registration and approval in a state whose standards for admission are at least as high as those for Oklahoma. The determination of the equivalence of standards is to be made by the Legal Internship Committee (see Interpretation 98-3).
(e) Be a regularly an enrolled student at an accredited law school located in the State of Oklahoma.

Rule 4 Law School Internship Programs
Rule 4.1 Approved Law School Internship Programs
A law school may create an internship training program as part of its regular curriculum which uses Licensed Legal Interns licensed by the Supreme Court of the State of Oklahoma. These programs may be of two types:
(a) A program directly supervised by the faculty of the law school, which may also use Academic Legal Interns. (Amended May 16, 2011)
(b) A program directly supervised by practicing attorneys with indirect supervision through the faculty of the law school.
Rule 4.2 Minimum Criteria for Law School Programs
Each law school shall be responsible for the creation of its own criteria for the establishment of a Licensed Legal Internship Program. Each law school may impose requirements more stringent than these rules; however, the program must meet the following minimum criteria:
(a) All Licensed Legal Internship Programs shall be directed toward assuring the maximum participation in court the practice of law by the Licensed Legal Intern.

RULE 5 PROCEDURE TO OBTAIN LIMITED LICENSE
Rule 5.1 Documentation
A law student or a law graduate may obtain a limited license to practice law as a Licensed Legal Intern in the State of Oklahoma in the following manner:
(a) Application Form
(1) File an application form that is provided by the Executive Director of the Oklahoma Bar Association.
(b) Law School Certificate
(1) A law student applicant shall have his or her school furnish to the Executive Director of the Oklahoma Bar Association a certification that the student has completed sufficient academic hours to comply with the eligibility requirements and that the student does have a graduating grade point average. The law school shall also provide a letter from the dean stating that in the opinion of the dean the student is aware of the professional responsibility obligations connected with the limited license and that in the dean's opinion the applicant is capable of properly handling the obligations which will be placed upon the student through the use of the limited license.
(2) A law graduate applicant shall request his or her law school to furnish to the Executive Director of the Oklahoma Bar Association a certificate that the student has graduated from law school and attach the certificate to the application.
(c) Supervising Attorney Form
(1) The law student applicant and the law graduate applicant must attach to their application the supervising attorney form signed by an approved supervising attorney certifying that the supervising attorney:
(a) Will employ applicant under his or her direct supervision;
(b) Recommends the applicant for a limited license;
(c) Has read and understands the Licensed Legal Internship Rules; and
(d) Agrees to provide the opportunity for the applicant to obtain the required number of monthly in-court practice hours.
(2) The law student applicant may take the Licensed Legal Internship Examination without filing the Supervising Attorney Form but may not be sworn in as a Licensed Legal Intern until the Supervising Attorney Form is filed and approved.
(d) Enrollment Certification Form
(1) The law student applicant shall provide proof that he or she have his or her school furnish to the Executive Director of the Oklahoma Bar Association a certification that the student is enrolled participating in an approved law school internship program prior to being sworn in as a Licensed Legal Intern. (See Interpretation 2017-2)

RULE 7 PRACTICE UNDER THE LIMITED LICENSE
Rule 7.1 Applicable to Courts of Record, Municipal Courts and Administrative Agencies
Subject to the limitations in these Licensed Legal Internship Rules, the limited license allows the Licensed Legal Intern to appear and participate in the State of Oklahoma before any Court of Record, municipal court, or administrative agency. The Licensed Legal Intern shall be subject to all rules applicable to attorneys who appear before the particular court or agency.
Rule 7.2 In-Court Practice Requirement
The Licensed Legal Intern who is working for a practicing attorney, district attorney, municipal attorney, attorney general, or state governmental agency shall have at least eight (8) four (4) hours per month of in-court experience. Such experience may be obtained by actual in-court participation by the Licensed Legal Intern or by actually observing the supervising attorney or other qualified substitute supervising attorney in courtroom practice.
Rule 7.6 Civil Representation Limitations
Representation by the Licensed Legal Intern in civil cases is limited in the following manner:
(a) In civil matters where the controversy does not exceed the jurisdictional limit specified in Title 20 Oklahoma Statutes, Section 123(A)(1), exclusive of costs and attorneys' fees, a Licensed Legal Intern may appear at all stages without a supervising attorney being present (see Interpretations 97-1, 97-2 and 2010-1).
(b) In civil matters where the controversy exceeds the jurisdictional limit specified in Title 20 Oklahoma Statutes, Section 123(A)(1), a Licensed Legal Intern may appear without a supervising attorney being present only in the following situations:
(1) Waiver, default, or uncontested divorces.
(2) Friendly suits including settlements of tort claims.
(3) To make an announcement on behalf of a supervising attorney.
(4) Civil motion dockets, provided that a Licensed Legal Intern may prosecute but not defend motions and/or pleadings that may or could be the ultimate or final disposition of the cause of action.
(5) Prosecute or defend contested motions to modify child support orders or decrees except when a change of custody of minor child is involved (see Interpretation 89-1).
(6) Depositions.
(7) Uncontested probate proceedings, provided that the supervising attorney has reviewed and signed the proposed pleading that will be presented to the Judge for approval.
(c) In all other civil legal matters, including but not limited to contested probate, contested divorces, and adoption proceedings, and ex-parte matters, such as temporary orders in divorce cases, restraining orders, temporary injunctions, etc., the Licensed Legal Intern shall only appear only when accompanied by and under the supervision of an approved supervising attorney (see Interpretations 91-2, 96-2, 97-1 and 2010-1).